UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAREY L. REYNOLDS,<br><br>                Plaintiff,<br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 2:24-cv-01546-DGE<br><br>ORDER ON STIPULATED MOTION FOR ATTORNEYS' FEES (DKT. NO. 13) |

This matter comes before the Court on the Parties' stipulated motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Dkt. No. 13.)  On March 18, 2025, the Parties stipulated that the case be reversed and remanded to the Commissioner of Social Security for further administrative proceedings with respect to Plaintiff's eligibility for benefits under Title XVI of the Social Security Act.  (Dkt. No. 12.)  The Parties now "stipulate and agree that fees in the amount of $8,058.14 shall be awarded."  (Dkt. No. 13.)  The requested EAJA fee of $8,058.14 represents compensation for time Plaintiff's attorneys and attorneys' paralegals spent in connection with this action.  (*See* Dkt. No. 13-1 at 1–2.)  Under the EAJA, the

1  attorney hours must be reflected in an "itemized statement [of] the actual time expended" and the

2  fee must be "reasonable." 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(2)(A).  The Parties have

3  provided the itemized record and the fee requested is reasonable under the rates published by the

4  Ninth Circuit.  (Dkt. No. 13-1 at 2.)  The request for compensation for paralegal time is

5  compensable under EAJA.  *See Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009).

6  Accordingly, the Parties' motion (Dkt. No. 13) is GRANTED.  It is hereby ORDERED

7  that fees in the amount of $8,058.14 shall be awarded to Plaintiff pursuant to the Equal Access to

8  Justice Act, 28 U.S.C. § 2412(d).  Attorney and paralegal fees in the amount of $8,058.14 will be

9  paid to Plaintiff's attorney, subject to verification that Plaintiff does not have a debt which

10 qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as

11 discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If Plaintiff has no such debt, then the check

12 shall be made out to Plaintiff's attorney.  If Plaintiff has a debt, then the check for any remaining

13 funds after offset of the debt shall be made out to Plaintiff and mailed to Plaintiff's attorney's

14 office.

Dated this 24th day of June, 2025.

David G. Estudillo
United States District Judge